**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CENTRAL FLORIDA STERILIZATION, LLC,**

       **Plaintiff,**

**v.**                                                  **Case No:   6:15-cv-2120-Orl-31TBS**

**SYNERGY HEALTH AST, LLC,**

       **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Reconsideration (Doc. 26) filed by the Plaintiff, Central Florida Sterilization, LLC ("CFS"), and the response in opposition (Doc. 28) filed by the Defendant, Synergy Health AST, LLC ("Synergy").

### I.   Background

CFS has raised breach of contract and fraudulent misrepresentation claims stemming from an Asset Purchase Agreement ("the Agreement") between the parties.   The Agreement contained a Delaware choice of law provision.   On April 19, 2016, this Court entered an order (Doc. 25) that, among other things, dismissed Plaintiff's breach of contract claim on statute of limitations grounds.   CFS now seeks reconsideration, arguing that the Court applied the wrong state's statute of limitations. Specifically, Plaintiff contends that this Court should apply the statute of limitations of Florida instead of the statute of limitations of Delaware. (Doc. 26 at 3).

### II.   Legal Standard

While the federal rules do not specifically provide for the filing of a "motion for reconsideration," *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*,

506 U.S. 828, 113 S. Ct. 89, 121 L.Ed.2d 51 (1992), it is widely known that Rule 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure 2d § 2810.1 (2007). However, due to the need to conserve scarce judicial resources and in the interest of finality, reconsideration is an extraordinary remedy that is to be employed sparingly. *U.S. v. Bailey*, 288 F.Supp. 2d 1261, 1267 (M.D. Fla. 2003). The decision on whether to alter or amend a judgement is committed to the sound discretion of the district court. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

The authorities generally recognize four basic grounds upon which Rule 59(e) motion may be granted:

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice & Procedure 2d § 2810.1 (2007).

Importantly, parties may not use a Rule 59(e) motion to relitigate old matters, *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005), or to raise new legal arguments which could and should have been made during the pendency of the underlying motion, *Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001). To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied. *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.*, 976 F.Supp 198 (S.D.N.Y. 1996).

### III. Analysis

The Plaintiff has not met the strict criteria for reconsideration. Plaintiff contends that because the Agreement contained a Delaware choice of law provision, the Court should apply Delaware case law in determining which state's statute of limitations to follow. (Doc. 26 at 4). To that end, Plaintiff argues that the Delaware position is that while another state's substantive law may apply, the law of the forum state governs the statute of limitations analysis. (*Id.*) As such, Florida's five year statute of limitations should apply. However, this argument fails because the Supreme Court has already ruled on this issue. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S. Ct. 1020, 1021 (1941) (holding that the conflict of law rules of the forum state are to be applied by a federal court sitting in diversity in that state).

Alternatively, Plaintiff argues this Court should follow case precedent and apply the most significant relationship test to determine which state's law should govern. (Doc. 26 at 6). However, the cases cited by the Plaintiff are tort cases, rather than, as here, contract cases. Florida applies the most significant relationship test to resolve conflict of laws issues in tort cases, but continues to adhere to *lex loci contractus* in contract cases. *See, e.g., Sturiano v. Brooks*, 523 So. 2d 1126, 1129 (Fla. 1988). Moreover, even if the Plaintiff were correctly interpreting Florida precedent, the choice of law issue was addressed in the Court's earlier order on the Defendant's motion to dismiss. (Doc. 25 at 7). Plaintiff offers no justification for failing to raise this argument in its response to the motion to dismiss. Plaintiff's disagreement with the Court's application of the precedent does not qualify as a "manifest error of law" in need of correction. *See* Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice & Procedure 2d § 2810.1 (2007). Therefore, it is

**ORDERED** that the Motion for Reconsideration (Doc. 26) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 23, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party