UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CENTRAL FLORIDA STERILIZATION,
LLC,

          Plaintiff,

v.                                                    Case No: 6:15-cv-2120-Orl-31TBS

SYNERGY HEALTH AST, LLC,

          Defendant.
_____

## REPORT AND RECOMMENDATION

          This matter is before the Court on Defendant's Motion to Tax Attorneys' Fees and

Costs, Pursuant to Federal Rule of Civil Procedure 54 (Doc. 52). Defendant also requests

that the Court enter an amended final judgment reflecting the award to it of fees and

costs. Upon due consideration I respectfully recommend that the motion be **GRANTED in**

**part** and **DENIED in part**.

### Background

          In 2011, pursuant to the terms of an Asset Purchase Agreement ("Agreement"),

Defendant Synergy Health AST, LLC bought a medical device sterilization facility in

Oldsmar, Florida from Plaintiff Central Florida Sterilization (Doc. 39 at 2). In addition to

the $3.3 million purchase price, Defendant agreed to pay Plaintiff two bonuses if the

Oldsmar Facility achieved certain financial goals following the purchase. The "Revenue

Bonus," was to be paid if Defendant had forecasted annual revenues of $1.85 million

within the first 12 months after the transaction closed, and a second "Earnout Bonus"

was due if Defendant had a positive return on its investment within the first 15 months

after the sale.

In 2012, Defendant notified Plaintiff that the Oldsmar Facility had not achieved either goal and consequently, neither bonus would be paid (Doc. 39 at 8). Plaintiff's response included this lawsuit, filed in state court, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud (Doc. 2-3). Defendant removed the case to this Court (Doc. 1).

On motion, the Court dismissed the claim of breach of the duty of good faith and fair dealing with prejudice and the fraud claim without prejudice, with leave to amend (Doc. 20). Plaintiff's amended complaint added its owner and managing member, Wes Mathis, as a Co-Plaintiff (Doc. 22). The amended complaint contained counts for breach of contract and fraud (Doc. 22). On April 19, 2016, the Court dismissed the fraud claim with prejudice, and the breach of contract claim without prejudice, with leave to amend to show why it was not barred by the applicable statute of limitations (Doc. 25).

Plaintiff's further amended complaint, consisting of a single count for breach of contract, did not include Mathis as a party (Doc. 27). Defendant answered and subsequently moved for summary judgment (Doc. 39). The issues were fully briefed and the Court found that Defendant was entitled to summary judgment on the merits (Doc. 49). The Clerk entered judgment for Defendant on July 21, 2017 (Doc. 50). Defendant has filed a Notice of Appeal and Motion to Proceed In Forma Pauperis (Docs. 57, 59). Mathis has not taken an appeal.

On August 4, 2017, Defendant filed its motion for attorney's fees and a separate bill of costs (Docs. 52-53). Defendant seeks an award of $269,372.50 in attorney's fees and $33,192.79 in costs against Plaintiff, and requests that Mathis be held jointly and severally liable for $29,212.50 of those fees and costs because they were incurred while he was a party to the action (Doc. 52). Plaintiff objects to the motion insofar as it seeks the recovery of fees and costs from Mathis (Doc. 56).

Discussion

A. <u>Defendant's Motion To Tax Attorneys' Fees & Costs Against Plaintiff is Unopposed</u>

Plaintiff only opposes the motion to the extent Defendant seeks to tax fees and costs against Mathis. When a party fails to respond, that is an indication that the motion is unopposed. <u>Foster v. The Coca-Cola Co.</u>, No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); <u>Jones v. Bank of Am., N.A.</u>, 564 F. App'x. 432, 434 (11th Cir. 2014)[1] (citing <u>Kramer v. Gwinnett Cnty., Ga.</u>, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004)); <u>Daisy, Inc. v. Polio Operations, Inc.</u>, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); <u>Brown v. Platinum Wrench Auto Repair, Inc.</u>, No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at * 1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed). Here, the Court may treat Defendant's motion to tax attorneys' fees and costs against Plaintiff as unopposed and grant the relief requested on this basis.

B. <u>Synergy Is Entitled to Attorneys' Fees & Costs Under the Language of the Agreement</u>

The Agreement provides that in the event of litigation, reasonable attorneys' fees and all costs are to be recouped by the prevailing party:

> (o) Attorneys' Fees. If any Party brings a suit or other proceeding against another Party as a result of any alleged breach or failure by the other Party to fulfill or perform any covenants or obligations under this Agreement, then **the prevailing Party obtaining final judgment in such action or proceeding shall be entitled to receive from the non-prevailing Party the prevailing Party's reasonable attorneys' fees incurred by reason of such action or proceeding and all costs associated with such action or proceeding incurred by the prevailing Party, including the costs of preparation and**

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." 11th Cir. R. 36-2.

> **investigation**. The term "prevailing party" shall mean the Party that is entitled to recover its attorneys' fees, costs and expenses in the proceeding under applicable law or the Party designated as such by the court or arbitrator.

(Doc. 27 at 56, § 8(o)) (emphasis added).

The Court has diversity jurisdiction over this controversy and the Agreement provides that Delaware substantive law applies. See (Doc. 20 at 5). Delaware has long recognized the validity of contractual fee shifting provisions, like the one in the Agreement. Mahani v. Edix Media Grp., Inc., 935 A.2d 242, 245 (Del. 2007). Delaware courts also accept fee shifting provisions that award all costs. Id. at 246. In the face of clear case law and no opposition by Plaintiff, I respectfully recommend that Defendant be awarded attorney's fees and costs pursuant to section 8(o) of the Agreement.

   C.   Defendant Should be Awarded $269,372.50 in Attorneys' Fees

Courts within the Third Circuit (which includes Delaware) typically use the lodestar approach to calculate attorney's fees in fee-shifting cases. See Boles v. Wal-Mart Stores, Inc., 650 F. App'x 125, 129 (3d Cir. 2016) ("Attorneys' fees and costs awards begin with a calculation of the 'lodestar' amount, which is determined by multiplying a reasonable rate by the number of hours reasonably expended on the litigation."); see also Kirsch v. Delta Dental of New Jersey, 534 F. App'x 113, 115 (3d Cir. 2013). The Eleventh Circuit also utilizes the lodestar approach. See Gray v. Bostic, 625 F.3d 692 (11th Cir. 2010); see also City of Burlington v. Dague, 505 U.S. 557, 562 (1992).

The lodestar is calculated by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); see also Jackson v. Grupo Indus. Hotelero, S.A., No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010); Goodrich v. E.F. Hutton Grp., Inc., 681 A. 2d 1039, 1046 n. 8 (Del. 1996); cf. Elite Cleaning Co., Inc. v. Capel, No,

690-N, 2006 WL 4782274, at *2 (Del. Ch. Nov. 20, 2006)

      1.  Reasonable Hours Expended

The first step in determining the lodestar is to ascertain the reasonable number of hours expended by counsel for the fee applicant. <u>Goodrich</u>, 681 A. 2d at 1046, n. 8; <u>Jackson</u>, 2010 WL 750301, at *3-4. The fee applicant bears the burden of documenting the appropriate number of hours. <u>See</u> <u>United States ex rel. Burr v. Blue Cross & Blue Shield of Fla., Inc.</u>, 882 F. Supp. 166, 170 (M.D. Fla. 1995). Defendant seeks fees based on 841.8 hours worked (Doc. 52 at 11; Doc. 52-2 at 9-10). Its fee request is supported by the declarations of one of its counsel of record, Michael S. Vitale, and independent fee expert, Robert J. Stovash (Doc. 52-2 at 2-7; Doc. 52-3). Attached to Mr. Viatle's declaration is a Chart of Timekeepers Hours and Fees (Doc. 52-2 at 9), a Chart of Costs (Taxable and Non-Taxable) (<u>Id.</u>, at 12), and copies of the attorneys' invoices to Defendant which include the identity of the timekeepers, their hourly rates, hours worked, and descriptions of the services provided (<u>Id.</u>, at 19). Mr. Stovash opines that the hours claimed are reasonable and were necessarily expended in defense of Plaintiff's claims (Doc. 52-3, ¶ 9). While it is almost always possible, with the benefit of hindsight, to find some fault with an attorney's fees, I find, after reviewing counsel's time entries, that they are reasonable based upon the work performed and the results obtained. Accordingly, I recommend the Court find that the entire 841.8 hours were reasonably expended by counsel for Defendant.

      2.  Reasonable Hourly Rate

The second step in determining the lodestar is to assess the reasonableness of the attorney's hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." <u>Loranger</u>, 10 F.3d at 781; <u>see</u> <u>also</u> <u>Jackson</u>, 2010 WL

750301, at *2-3. The following twelve factors, originally set forth in <u>Johnson v. Ga.</u>
<u>Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974), are typically considered in

calculating a fee award in the Eleventh Circuit:

> (1) The time and labor required; (2) [t]he novelty and difficulty of the
> questions; (3) [t]he skill requisite to perform the legal services properly; (4)
> [t]he preclusion of other employment by the attorney due to acceptance of
> the case; (5) [t]he customary fee; (6) [w]hether the fee is fixed or contingent;
> (7) [t]ime limitations imposed by the client or the circumstances; (8) [t]he
> amount involved and the results obtained; (9) [t]he experience, reputation,
> and ability of the attorneys; (10) [t]he 'undesirability' of the case; (11) [t]he
> nature and length of the professional relationship with the client; and (12)
> [a]wards in similar cases.

<u>Blue Cross & Blue Shield of Fla., Inc.</u>, 882 F. Supp. at 170 (citing <u>Johnson</u>, 488 F.2d. at

717-719). Delaware courts evaluate reasonableness according to a standard similar to

the factors enumerated in <u>Johnson</u>. <u>See</u> <u>Mahani v. Edix Media Grp., Inc.</u>, 935 A.2d 242,

245-246 (Del. 2007). The <u>Mahani</u> factors, which are rooted in the Delaware Lawyers'

Rules of Professional Conduct, include:

> (1) the time and labor required, the novelty and difficulty of the
> questions involved, and the skill requisite to perform the
> legal service properly;

> (2) the likelihood, if apparent to the client, that the acceptance
> of the particular employment will preclude other
> employment by the lawyer;

> (3) the fee customarily charged in the locality for similar legal
> services;

> (4) the amount involved and the results obtained;

> (5) the time limitations imposed by the client or by the
> circumstances;

> (6) the nature and length of the professional relationship with
> the client;

> (7) the experience, reputation, and ability of the lawyer or
> lawyers performing the services; and

> (8) whether the fee is fixed or contingent

935 A.2 at 246 (citing DLRPC 1.5(a)(4)). The party seeking attorney's fees bears the burden of producing adequate evidence that the requested rate is consistent with prevailing market rates. See <u>Danenberg v. Fitracks, Inc.</u>, 58 A.3d 991, 997 (Del Ch. 2012). In most cases, "satisfactory evidence" consists of something more than the affidavit of the attorney performing the work. <u>Loranger</u>, 10 F.3d at 781. However, some district courts consider the affidavit of the attorney performing the work to be the best evidence of the prevailing market rate. See <u>Dillard v. City of Greensboro</u>, 213 F.3d 1347, 1354-55 (11th Cir. 2000) (citing <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n.11 (1984)). In all cases, the Court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." <u>Loranger</u>, 10 F.3d at 781. The attorneys at the law firm of Baker & Hostetler, LLP billed their time as follows:

- Denis L. Durkin (partner with 44 years of experience) = $635 to 685 per hour

- Michael S. Vitale (partner with 12 years of experience) = $370 to $405 per hour

- Parker Jordan and Robert D. Sowell (associates) = $260 to 280 per hour

- Jeffrey Fetzer (paralegal) = $175 per hour[2]

(Doc. 52-2 at 3-4, ¶¶ 7-9).

These hourly rates are high and may be subject to reduction if this was a contested matter. But, Plaintiff has not opposed Defendant's fee request and Mathis does not take issue with the number of hours claimed or the hourly rates charged. And, Mr. Stovash has opined that these rates, while high, are reasonable for this case (Doc. 52-3, ¶¶ 8-10). Upon consideration of the record of attorney hours and the declarations of Mr. Vitale and

---

[2] Mr. Fetzer is a paralegal with over 25 years of experience (Doc. 52-2, ¶ 10). While Defendant was actually billed between $230 and $250 per hour for his services, it seeks reimbursement at the rate of $175 per hour (<u>Id.</u>, ¶ 11).

Mr. Stovash, I recommend that the amounts sought by Defendant be awarded.

### D.  Defendant Should be Awarded $33,192.79 in Costs

Pursuant to section 8(o) of the Agreement and Delaware law, Defendant is entitled to recover all of its costs. See section B, supra. Therefore, I recommend that Defendant be awarded $33,192.79 in costs. In making this recommendation, I note that Plaintiff and Mathis have not disputed any of the costs claimed by Defendant.

### E.  Mathis Should Not be Taxed for Fees or Costs

Defendant requests that a judgment in the amount of $29,212.50 be entered, jointly and severally, against Plaintiff and Mathis. Defendant incurred these charges between February 9, 2016 and April 19, 2016, while Mathis was a party in the case. Defendant bases its entitlement to these fees and costs on section 8(o) of the Agreement and the fact that Mathis is a signatory to the Agreement. This argument fails because the Court has already found that although Mathis added himself as a party, he "does not have a contractual relationship with [Defendant] and there are no alleged personal claims resulting in damages to him." (Doc. 25 at 11). Accordingly, the Court dismissed Mathis as a party to this case (Id.). Based upon this holding, the Agreement does not provide a basis for the recovery of Defendant's attorneys' fees or costs from Mathis.

### Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that

(1) Defendant's motion to tax attorney's fees and costs against Plaintiff be **GRANTED**, and that the Clerk be directed to **ENTER** an amended judgment on the docket, awarding Defendant $269,372.50 in attorney's fees and $33,192.79 in costs, making a total of $302,565.29, taxed against Plaintiff, for which execution should issue.

(2) Defendant's motion to tax attorney's fees and costs against Mathis be **DENIED**.

Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on September 20, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record
      Unrepresented Parties